LAW OFFICES OF KIMBERLY A. ECKERT
5235 South Kyrene Road Suite 206
Tempe, Arizona  85283
 (480) 456-4497 Fax (866) 583-6073
Kimberly A. Eckert – 015040
keckert@arizlaw.biz
**Attorney for Plaintiff**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Alina Brio,<br><br>                    Plaintiff,<br><br>                    v.<br><br>Conduent Care Management, Inc., an Arizona Corporation doing business in Arizona and dba as Midasplus, ABC corporations, and XYZ LLCs,<br>                    Defendants. | CV<br><br>**Complaint**<br><br>**(Request for Jury Trial)** |

        Plaintiff Alina Brio, by and through undersigned counsel, hereby states as her Complaint as follows:

        1.        Plaintiff Alina Brio ("Brio") is a citizen and resident of Arizona.

        2.        Defendant  Conduent  Business  Services,  LLC  ("Conduent")  is  n Arizona  corporation  doing  business  in  Arizona  as  Midasplus  and  Plaintiff reserves  the  right  to  amend  the  Complaint  to  reflect  any  other  or  additional responsible entity.

3.      Jurisdiction is appropriate in this Court pursuant federal law as to those claims including but not limited to claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 (sex, national origin), the Age Discrimination in Employment Act of 1967 as amended, 29 U.S. Code § 623, and Title 1 of the Americans with Disabilities Act, 42 U.S. Code § 12101 et seq., and any and all retaliation provisions. Further, supplemental jurisdiction under 28 U.S.C. § 1367 for violations of A.R.S. § 23-1502(A), and Arizona Civil Rights Act (ACRA), §§ 41-1401 to 41-1492.

4.      Venue is appropriate in this Court.

5.      Plaintiff has timely complied with all administrative processes and has obtained a Right to Sue Letter from the Equal Employment Opportunity Commission dated September 14, 2021, as part of a work sharing agreement with the Arizona Attorney General's Office.

6.      Defendant Conduent employs more than 15 employees and is responsible for the actions of the employees.

7.      A jury trial is requested.

8.      Plaintiff Brio is a 68 year old female who has a disability and her national origin is former Soviet Union and Russian is her native language. She reported discrimination and was retaliated against by agents of her employer and therefore her employer.

9.     Plaintiff was employed by Defendant Conduent in Pima County, Arizona and had a good work history.

10.     On or about August 10, 1998, Plaintiff Brio began working for Conduent as an Application Support Specialist. Her most recent role was as a System Development Specialist.

11.     She advised her supervisor of her disability in February of 2016.

12.     In February of 2017, Conduent began laying off people and those impacted were largely female over 40 years of age.

13.     On or about June 10, 2017, Ms. Brio was notified that she would be terminated effective June 23, 2017 and was notified that she may be transferred to a new position if one was available.

14.     On or about June 13, 2017 and June 22, 2017, Ms. Brio complained to human resources about the lay-offs targeting females over 40 years of age.

15.     On or about June 23, 2017, Defendant terminated Ms. Brio's employment and did not transfer her to available positions elsewhere in the company.

16.     Ms. Brio became aware that a fellow co-worker, also a Russian national origin female over 40 years of age, was also terminated. They were the only two Russian employees in the department.

17.    Defendant Conduent also required employees to waive their rights under the EEOC in exchange for payment upon separation however, Plaintiff denies she waived her rights by receipt of a payment and is aware the EEOC deemed it unclear and misleading.

18.    Ms. Brio filed a complaint with the United States Equal Opportunity Commission. She received a "for cause" finding that stated that the Defendant violated Title VII and the ADEA by requiring employees including Ms. Brio to waive their rights under the laws by the EEOC in exchange for payment upon separation and that there was not a showing of knowing and voluntary waiver to Ms. Brio and that Defendant did not adequately advise her to consult an attorney prior to waiver.  The EEOC also found that the indemnity provision was not clear and specific enough for Ms. Brio to understand and determined it unclear and misleading.

19.    Other employees not in the protected classes were allowed to remain in employment with Defendant. These employees were allowed to move to other departments and did not suffer loss of income from termination.

20. Twice in June, 2017, Plaintiff called Human Resources to question whether her selection for lay-off might have been due to discrimination. Younger employees with less tenure than Plaintiff were not chosen for the lay-off. She received no response.

21.     Under the employment discrimination provisions of the ADA prohibits an employer from discriminating "against a qualified individual on the basis of a disability." 42 U.S.C. § 12112(a). Claims brought by an employee under the ADA are "subject to the burden-shifting framework" laid out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973). *See Curley v. City of North Las Vegas,* 772 F.3d 629, 632 (9th Cir. 2014).

22.     Under the *McDonnell Douglas* framework, the employee bears "the initial burden of establishing a prima facie case of discrimination." *Id*. Thus, the employee must present facts demonstrating that (1) she "is a disabled person within the meaning of the ADA"; (2) that she can "perform the essential functions" of her job "with or without a reasonable accommodation"; and (3) that her employer terminated him because of her disability. *Nunes v. Wal-Mart Stores, Inc*., 164 F.3d 1243, 1246-47 (9th Cir. 1999).

23.     The burden shifts to her employer "to provide a legitimate, nondiscriminatory reason for the adverse employment action." *Id.; Metoyer v. Chassman,* 504 F.3d 919, 931 n.6 (9th Cir. 2007).

24.     An ADA discrimination claim "requires proof that the plaintiff: (1) is disabled within the meaning of the ADA; (2) is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) was discriminated against or terminated by the employer because of the

disability." *MacLean v. State Dep't of Educ.*, 195 Ariz. 235, 241, ¶ 23 (App. 1999).

25. Under the Arizona Civil Rights Act, A.R.S. § 41-1481 et seq., discrimination in employment is prohibited.

26. Under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must show the following to establish an age discrimination claim: (1) she was at least forty years old; (2) she was performing the job satisfactorily; (3) she was discharged; and (4) the circumstances of the discharge give rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207-08 (9th Cir. 2008).

27. Title VII makes it unlawful for an employer to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex or national origin. 42 U.S.C. § 2000e-2(a)(1).

28. In a Title VII retaliation claim, a plaintiff must plausibly allege that (1) she engaged in a protected activity; (2) her employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Coleman v. Home Health Resources, Inc*., 269 F. Supp. 3d 935, 941 (D. Ariz. 2017) (*quoting Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir. 2000)).

## COUNT ONE

### Age Discrimination
### (Federal law)

29.     Plaintiff adopts and incorporates all allegations above in paragraphs 1-28.

30.     Brio was over 40 years of age at the time of her termination, she was performing the job satisfactorily, she was discharged; and the circumstances of the discharge give rise to an inference of age discrimination given the people that were terminated were all women and all except one were under the age of 40.

31.     Plaintiff was damaged by the actions of the Defendant in violation of law.

## COUNT TWO
### Disability Discrimination
### (Federal law)

32.     Plaintiff adopts and incorporates all allegations above in paragraphs 1-31.

33.     Plaintiff reported her disability to Defendant Conduent a short time prior to her termination but despite her lengthy time at the company prior to her disability she was terminated.

34.     Plaintiff was "disabled" within the meaning of the ADA, she was qualified for the job and able to perform the essential functions of the job as she

had done for decades and Conduent terminated her employment because of her

disability.

35.     The ADA prohibits "adverse employment decisions motivated,

even in part, by animus based on plaintiff's disability or request for an

accommodation—a motivating factor standard." *Head v. Glacier Nw., Inc.*, 413

F.3d 1053, 1065 (9th Cir. 2005), *abrogated on other grounds by Univ. of Tex.

*Sw. Med. Ctr. v. Nassar,* 133 S.Ct. 2517, 2533 (2013).

36.     Plaintiff was damaged by the actions of the Defendant in violation

of law.

COUNT THREE
Disability Discrimination
(State law)

37.     Plaintiff adopts and incorporates all allegations above in paragraphs

1-36.

38.     A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment

discrimination including disability discrimination under A.R.S. § 41-1463.

39.     ACRA defines an employer's "unlawful employment practices" as

discrimination based on race, color, religion, sex, age, national origin or

disability in failing or refusing to hire an individual; discharging an individual;

classifying employees; or advertising for employment; as well as discrimination

against an employee or applicant based on his or her participation in an

enforcement proceeding against the employer. §§ 41-1463(B), 41-1464.

40.     Plaintiff was discriminated against after she developed health issues

of which the Defendant Conduent was aware.

41.     Plaintiff was damaged by the Defendants when she was terminated

from her position.

COUNT FOUR
Sex Discrimination
(Federal law)

42.     Plaintiff adopts and incorporates all allegations above in paragraphs

1-41.

43.     Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §

2000 (sex, national origin), Defendant MCCCD had more than 15 employees at

all times relevant to these claims.

44.     Here, Plaintiff was discriminated against in the workplace when she

was terminated due to her sex/gender.

45.     Plaintiff as a female belonged to a protected class, she was

qualified for the position given her years of employment and good work history,

she was subjected to an adverse employment action when she was terminated,

and similarly situated men were treated more favorably.

46.     Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT FIVE
Sex Discrimination
(State law)

47.     Plaintiff adopts and incorporates all allegations above in paragraphs 1-46.

48.     A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination including disability discrimination under A.R.S. § 41-1463.

49.     ACRA defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin or disability in failing or refusing to hire an individual; discharging an individual; classifying employees; or advertising for employment; as well as discrimination against an employee or applicant based on his or her participation in an enforcement proceeding against the employer. §§ 41-1463(B), 41-1464.

50.     Plaintiff was discriminated against as she was terminated from her position n despite being qualified for the position, having a lengthy history with the company, and male employees were treated differently.

51.     Plaintiff was damaged by the Defendant when she was discriminated against and terminated from her position.

## COUNT SIX
### National Origin Discrimination
(Federal law)

52.    Plaintiff adopts and incorporates all allegations above in paragraphs 1-52.

53.    Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. . . or national origin." 42 U.S.C. § 2000e-2(a)(1).

54.    "Title VII prohibits both intentional discrimination (known as `disparate treatment') as well as, in some cases, practices that are not intended to discriminate but in fact have a disproportionately adverse effect on minorities (known as `disparate impact')." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009).

55.    A person suffers disparate treatment in his employment when he or she is singled out and treated less favorably than others similarly situated on account of race." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006).

56.    Here, Plaintiff was discriminated against in the workplace when her employment was terminated due to her national original. The only two people with Russian national original in her department were terminated while others were treated more favorably.

57.     Plaintiff was damaged by the actions of the Defendant in violation of law.

COUNT SEVEN
National Origin Discrimination
(State law)

58.     Plaintiff adopts and incorporates all allegations above in paragraphs 1-57.

59.     A.R.S. §§ 41-1461 to -1468, 41-1481 to -1485 prohibit employment discrimination and defines an employer's "unlawful employment practices" as discrimination based on race, color, religion, sex, age, national origin.

60.     Plaintiff was discriminated against when she was terminated due to her national original, Russian.

61.     Plaintiff was damaged by the Defendant when she was terminated from her position.

COUNT EIGHT
Retaliation
(Federal law)

62.     Plaintiff adopts and incorporates all allegations above in paragraphs 1-61.

63.     Under a Title VII retaliation claim, a plaintiff must plausibly allege that (1) she engaged in a protected activity; (2) her employer subjected her to an

adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Coleman v. Home Health Resources, Inc.*, 269 F. Supp. 3d 935, 941 (D. Ariz. 2017).

64.     Here, Plaintiff was discriminated against in the workplace when she was terminated after complaining to human resources at Conduent that the lay-offs were impacting women over 40 years of age.

65.     Ms. Brio should have been offered another position in the company given that there were open positions for which she was qualified however, after she complained, she was terminated.

66.     Plaintiff was damaged by the actions of the Defendant in violation of law.

PUNITIVE DAMAGES

67.     In committing wrongfully terminating Plaintiff, Defendant acted with an evil mind consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to others.   The termination of mostly women over 40, minorities, and disabled people including Plaintiff constituted an evil mind.

PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests the following:

A. General and special damages caused by the conduct of the Defendant in an amount to be determined at trial including lost wages and emotional and physical damages;

B. Punitive damages;

C. Attorneys' fees and costs; and

D. And, such other and or further relief as may be justified under the applicable facts and circumstances.

DATED this 13th day of December, 2021.

By:/s/ Kimberly A. Eckert
Kimberly A. Eckert
Attorney for Plaintiff